IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PATRICIA A. SCOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:17-cv-00289 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| GIANT EAGLE MARKET ET AL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court are two Motions to Dismiss – the first is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Giant Eagle Market ("Giant Eagle") and the second is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Pittsburgh Police Department Zone 4 Station ("City of Pittsburgh").[1] For the reasons that follow, both motions will be granted.

## I. BACKGROUND

On March 8, 2017, Plaintiff Patricia A. Scott ("Scott") filed a complaint against Giant Eagle and the City of Pittsburgh alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), specifically 42 U.S.C. § 12131 and 42 U.S.C. § 12101 *et seq.* She seeks $1,000,000 in punitive damages.

On May 1, 2016, while Scott was seated in the restaurant section of a Giant Eagle, a Giant Eagle employee rushed up to her and whispered in her ear that she needed to leave the store. (ECF

---

[1] Both Defendants assert that they have been improperly identified. Defendant Giant Eagle Market explains that it should have been identified as Giant Eagle, Inc., (ECF No. 16 at 1), and Defendant Pittsburgh Police Department Zone 4 Station asserts that it is not a separate legal entity and that the City of Pittsburgh is the proper party, (ECF No. 17 at 1).

No. 5 ¶ III). The employee then left without any further explanation. (*Id.*) After Scott remained in the store, the Giant Eagle employee returned a second time and reiterated that Scott needed to leave the store and, again, left without any further explanation. (*Id.*) Thereafter, a security guard walked into the restaurant and hostilely asked Scott whether the "supervisor", i.e., the Giant Eagle employee, had asked her to leave. (*Id.*) Scott responded by asking that the supervisor and the security guard provide her with a legal explanation as to why she was being asked to leave. (*Id.*) The security guard and the supervisor refused to do so, and the security guard then told her he was going to call the police. (*Id.*)

When two police officers employed by the City of Pittsburgh arrived, they asked Scott for her store receipt, which she provided and which demonstrated that she had purchased her food in the store. (*Id.*) The police officers then showed the receipt to the security guard; however, the guard still insisted that Scott leave the store. (*Id.*) Plaintiff argues that because she was ejected from Giant Eagle she was deprived of the opportunity to charge her smart phone, the opportunity to charge her wheelchair, and she was excluded from using a "public entity". (*Id.*)

On May 12, 2017, Giant Eagle filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), (ECF No. 15), and a brief in support thereof, (ECF No. 16). The City of Pittsburgh filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), (ECF No. 17), and brief in support thereof, (ECF No. 18). Scott filed a response in opposition on May 26, 2017, adding new facts to her claim and making reference to for the first time "Section 1983," asserting a "breach of trust" by the police. (ECF No. 26).[2]

---

[2] Scott cannot raise a new claim in her reply brief, nor can that serve to amend her pleading. *Monroe v. City of Hoboken*, No. 11-2566, 2012 WL 1191177, at *14, n.2 (D.N.J. Apr. 10, 2012). Additionally, as explained later in this Memorandum Opinion, when considering a FED. R. CIV. P. 12(b)(6) motion, the Court cannot consider new facts outside of her Complaint.

## II. LEGAL STANDARDS

### A. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read the pleadings to state a valid claim on which the litigant could prevail, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (providing a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Freeman v. Dep't of Corrections*, 949 F.2d 360, 361 n.1 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997) (overruled on other grounds). Because Scott is a *pro se* litigant, this Court will consider facts and make inferences where appropriate.

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under FED. R. CIV. P. 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

In evaluating a challenge to subject matter jurisdiction under Rule 12(b)(1), a court first must determine whether the movant presents a facial or a factual attack. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The distinction is important because it determines how the

3

complaint must be reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis*, 824 F.3d at 346 (citation omitted). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (citation omitted). Here, Giant Eagle makes a facial challenge because it has not disputed the validity of Scott's factual claims in its Motion to Dismiss. In essence, Giant Eagle contends that the allegations of the complaint, even accepted as true, are insufficient to establish Article III standing as to Scott's Title III claim.

In considering a facial challenge to standing, courts are to apply the same standard as on review of a Rule 12(b)(6) motion for failure to state a claim. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006) (explaining "that the standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)") (citation omitted).

### C. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When reviewing a Rule 12(b)(6) motion, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a plausible claim for relief to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is

4

improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citation and quotation omitted). The Court need not accept as true any unsupported conclusions, unsupported inferences, and "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

### A. Title III

Defendant Giant Eagle argues that Scott has failed to plead sufficient facts to establish standing to bring an ADA Title III claim or, alternatively, if she has standing, that she has not pled sufficient facts to set forth a Title III claim and seeks punitive damages, which are unavailable under Title III.

Title III provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A Title III claim is limited to private owners or lessors of property and is not a remedy against the State or its officers.[3] *Heine v. Comm'r of the Dep't of Cmty. Affairs of the State of N.J.*, 2016 WL 7042069, at *9 n.11 (D. N.J. Dec. 1, 2016). The statute does not specifically define "discrimination" but rather sets forth "broad categories of conduct 'that constitute discrimination for purposes of the general rule found in 42 U.S.C. § 12182(a).'" *McGann v. Cinemark USA, Inc.*, 873 F.3d 218, 222 (3d Cir. 2017) (quoting § 12182(a)). One of which describes discrimination as

> the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the

---

[3] Thus, to the extent Plaintiff seeks to assert a Title III claim against the City, it fails as a matter of law.

5

provision of the goods, services, facilities, privileges, advantages, or accommodations being offered[.]

42 U.S.C. § 12182(2)(A)(i).

## Standing

Article III of the Constitution limits the scope of federal judicial power to the adjudication of "cases" or "controversies." U.S. CONST., art. III, § 2. "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant [her] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

It is well-established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff bears the burden of proving standing." *Finkelman v. Nat'l Football League*, 877 F.3d 504, 511 (3d Cir. 2017). At the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Spokeo*, 136 S.Ct. at 1547 (quoting *Warth*, 422 U.S. at 518) (alteration in original).

Although there are three required elements of constitutional standing, the Third Circuit has emphasized that "the injury-in-fact element is often determinative." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009); *see also Spokeo*, 136 S.Ct. at 1547 (observing that injury-in-fact is the "[f]irst and foremost" of standing's three elements) (internal citation and quotation omitted). To establish an injury-in-fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or

imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citation and quotation omitted).

The only remedy available in a Title III case is prospective injunctive relief; monetary damages are not available. *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). Therefore, Scott's request for punitive damages is improper, and will be dismissed with prejudice.

"Because the remedy for a private ADA Title III violation is injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations." *Id.* A plaintiff "seeking prospective injunctive relief must demonstrate a real and immediate threat of injury in order to satisfy the injury in fact requirement." *Id.* (internal citation and quotation omitted). The plaintiff "must show that he or she is likely to suffer *future* injury from the defendant's illegal conduct." *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 159-60 (3d Cir. 2006).

> In determining whether a plaintiff has standing under Title III, courts focus on "the likelihood of the plaintiff's return to the place of public accommodation," which requires consideration of "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel."

*Mizic v. Pacious*, Civ. Action No. 17-5023, 2017 WL 5593320, at *4 (E.D. Pa. Nov. 20, 2017) (quoting *Wittmann v. Island Hosp. Mgmt.*, No. Civ. 09-3698, 2011 WL 689613, at *5 (D.N.J. Feb. 18, 2011)). "The four-factor test is one of totality, and a finding in favor of [the plaintiff] does not require alignment of all four factors." *Anderson*, 943 F. Supp. 2d at 539 (quoting *Harty v. Burlington Coat Factory of Pa., L.L.C.*, No 11-01923, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011)) (alteration in original).

Although not all four factors need to be satisfied in order for a plaintiff to plead an injury-in-fact, Scott's Complaint does not demonstrate that she will suffer any future injury from Defendants' conduct. The only relevant information Scott provided is that she lives in Heidelberg,

7

PA and that this incident occurred at a Giant Eagle in Shadyside, PA, which is about 12 miles away. (ECF No. 1 ¶ 1). Scott has failed to discuss at all her past patronage at the Shadyside Market District, the specific definiteness of any plan to return, and the past and anticipated frequency of her travel nearby. Therefore, Scott has failed to demonstrate that she has standing to pursue the Title III claim.

### Failure to State a Claim

"To state a claim of disability discrimination under Title III of the ADA, a plaintiff must show (1) discrimination on the basis of a disability, (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.'" *Mizic*, 2017 WL 5593320, at *4 (internal citation and quotation omitted); *see* 42 U.S.C. § 12182(a). A disability under the ADA is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ." 42 U.S.C. § 12102(1). A plaintiff is discriminated based on her disability if she is discriminated based on misconduct that stems from her disability. *LoCastro v. Cannery Casino Resorts, LLC*, No. 13cv0168, 2013 WL 1748347, at *3 (W.D. Pa. Apr. 23, 2013). A private entity is considered a public accommodation where the entity is "a restaurant, bar, or other establishment serving food or drink" or where the entity is a "grocery store". 42 U.S.C. 12181(7)(B), (E).

Scott's Complaint fails to allege sufficient facts supporting a Title III claim that she was discriminated on the basis of a disability and that she was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. While she makes reference to her use of an electric mobility chair, and her using

an electrical outlet to charge it, her Complaint fails to show that any conduct of Giant Eagle was because of a "disability."

### B. ADA Title II

Defendants Giant Eagle and the City of Pittsburgh argue that Scott's ADA Title II claim fails because Giant Eagle is not a public entity.

"Title II of the ADA prohibits discrimination against the disabled in public services, programs, and activities." *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). "To state a prima facie case, a plaintiff must show that [s]he is a 'qualified individual with a disability'; that [s]he was excluded from a service, program, or activity of a public entity; and that [s]he was excluded because of [her] disability." *Id.* (quoting 42 U.S.C. § 12132). A "public entity" includes "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131. Scott alleges the same Title II violation against both Defendants, and that she was unlawfully excluded from Giant Eagle, a public entity. Giant Eagle is a grocery store and not a public entity within the meaning of the statute. Thus, because Giant Eagle is not a public entity, Defendants Giant Eagle and the City of Pittsburgh's[4] motions to dismiss with regard to this claim will be granted with prejudice.

### IV. <u>CONCLUSION</u>

For the above reasons, both Motions to Dismiss will be GRANTED. If Scott wants to pursue her Title III claim against Giant Eagle knowing that monetary damages are not available

---

[4] The Complaint's Title III assertion as to the City Police appear to be wholly derivative of her assertions as to Giant Eagle, and would fall on that ground alone. Further, the Complaint makes no fact-based allegation that the City Police acted as alleged because of Plaintiff's claimed disability, or more accurately, that they responded to a call to Giant Eagle in her situation in any differential manner.

9

and that she can only potentially recover prospective injunctive relief, Scott may file an Amended Complaint paying particular attention to the deficiencies as highlighted above in this memorandum opinion. Leave to amend will not be granted as to Scott's Title II claim because pursuing this claim is futile. *See Cessna v. REA Energy Cooperative, Inc.*, 258 F.Supp.3d 566, 595 (W.D. Pa. 2017).

An appropriate order will issue.

_____
Mark R. Hornak
United States District Judge

Dated: March 2, 2018

cc: All counsel of record