**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA A. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:17-cv-00289 |
| v. | ) |
| | ) |
| GIANT EAGLE MARKET ET AL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiff's original Complaint in this action was dismissed as to all Defendants by Order dated March 2, 2018, ECF No. 21, which was accompanied by a Memorandum Opinion, ECF No. 20, explaining the basis for those dismissals. All dismissals were with prejudice, except for the Plaintiff's ADA Title III claim as against Giant Eagle. That dismissal was without prejudice, and with leave to amend. Among other things, the Court explained that the Plaintiff had failed to assert a basis for her standing to seek relief under Title III, depriving the Court of subject matter jurisdiction.

The Plaintiff timely filed an Amended Complaint, ECF No. 23, which was met by a Motion to Dismiss by Giant Eagle, ECF No. 24/25. The Plaintiff was on notice of her obligation to respond to that Motion, and the time in which to do so, ECF No. 3. To date, no response to that Motion has been filed, and the matter is ripe for disposition.

The central basis of the Motion to Dismiss is that the Plaintiff has again failed to articulate a factual basis for her standing to assert an ADA Title III claim as against the only remaining Defendant, Giant Eagle. ECF No. 25 at 2-3. In particular, the Motion contends that the Plaintiff has failed to set out any actual injury in fact as a result of alleged barrier to access, but in any event,

critical to an ADA Title III claim, she has failed to set out any factual showing of any frequency of patronage of the involved Giant Eagle store, located in the Shadyside neighborhood of Pittsburgh and about 12 miles from her home in Heidelberg, Pennsylvania. She also fails to set forth any definite plan to return to that store, nor any facts relative to her past and future anticipated frequency of visitation to that store or even its environs.

In the Court's prior Memorandum Opinion dismissing the Plaintiff's ADA claims, particularly those alleged under that statute's Title III, the Court laid out with specificity exactly what the Plaintiff would have to plead to make out such a claim. ECF No. 20 at 6-8, and what she would have to do to meet the necessary pleading requirements. ECF No. 20 at 9-10. The Defendant Giant Eagle is correct that the Amended Complaint does not appear to even attempt to do so, and for the reasons set out in the Court's prior Memorandum Opinion, the Amended Complaint also fails to set forth a basis for the Court to conclude that the Plaintiff has standing to assert the ADA claims she seeks to allege.

For those reasons, and the reasons set forth in the Court's Memorandum Opinion at ECF No. 20 as to such matters, the Court grants the Motion to Dismiss at ECF No. 24, and this action is dismissed for a lack of standing on the Plaintiff's part.

An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: May 4, 2018

cc: All counsel of record

2